IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,911






EX PARTE CRAIG DESHAUN ACY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 114-0899-10 IN THE 114TH DISTRICT COURT


FROM SMITH COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex.Crim.App. 1967). Applicant was convicted of evading arrest or
detention in a vehicle and sentenced to two years' imprisonment. 

 Applicant contends that he was denied his right to a direct appeal of this conviction. The
State concedes that Applicant is entitled to a direct appeal but was denied it through no fault of his
own, and the trial court recommends an out-of-time appeal be granted. See Ex parte Riley, 193
S.W.3d 900 (Tex.Crim.App. 2006).


 Relief is granted. Applicant is entitled to the opportunity to file an out-of-time appeal of the
judgment of conviction in Cause No. 114-0899-10 from the 114th District Court of Smith County. 
Applicant is ordered returned to that time at which he may give a written notice of appeal so that he
may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this
opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and
wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent
Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed
on the date on which the mandate of this Court issues. We hold that, should Applicant desire to
prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court
within 30 days after the mandate of this Court issues.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division. 


Delivered: November 7, 2012

Do not publish